UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR JACKSON,

        Plaintiff,

v.

        File No. 2:10-CV-96

        HON. ROBERT HOLMES BELL

GARY CAPELLO, et al.,

        Defendants.
                                 /

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 31, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants Capello, Bastian, Kulie, Rule, Larson, Tollefson, Smith, Raymond, and Wellman's motions for summary judgment (Dkt. Nos. 68, 76, 101) be granted. (Dkt. No. 116, R&R.) Plaintiff Arthur Jackson filed objections to the R&R on September 21, 2011.  (Dkt. No. 117, Obj.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Although Plaintiff has submitted detailed objections, his objections, for the most part, simply restate his claims and do not specify any error in the R&R. For example, Plaintiff objects to the Magistrate Judge's determination that he failed to exhaust his grievance against Defendant Wellman, but he has not challenged the Magistrate Judge's finding that he failed to pursue his grievance against Defendant Wellman through to Step III.

Plaintiff objects to entry of summary judgment for Defendant Tollefson because Defendant Tollefson did not deliver Plaintiff's health service kite. However, Plaintiff has not responded to the Magistrate Judge's finding that Plaintiff failed to establish that he suffered from a serious medical condition or that the delay in medical treatment had a detrimental effect on his health.

Plaintiff objects to the Magistrate Judge's conclusion that Defendant Bastian allegedly spitting on Plaintiff's food on a single occasion is not sufficient to rise to the level of a constitutional violation. Plaintiff contends that such conduct violates PD-04.07.102 "Quality Food Assurance," and that therefore he has stated a constitutional claim. Contrary to Plaintiff's assertions, violation of a Prison policy does not, in itself, rise to the level of a constitutional claim. *See Laney v. Farley*, 501 F.3d 577, 581 n. 2 (6th Cir. 2007) (the failure to comply with an administrative rule or policy does not itself give rise to a constitutional violation). Plaintiff's spitting claim does not state an Eighth Amendment claim against Defendant Bastian for the reasons stated in the R&R. Plaintiff's remaining objections

regarding Defendant Bastian are addressed in the R&R, and Plaintiff has failed to demonstrate any errors in the Magistrate Judge's findings or reasoning.

Plaintiff objects to the entry of summary judgment for Defendants Kulie and Rule because they deprived Plaintiff of his property in violation of a policy directive. Plaintiff has not, however, addressed the Magistrate Judge's finding that Plaintiff has failed to sustain his burden of pleading and proving the inadequacy of state post-deprivation remedies.

Plaintiff objects to the entry of summary judgment in favor of Defendants Capello and Larson, but Plaintiff has not challenged the Magistrate Judge's finding that Plaintiff has not alleged facts establishing that Defendants Capello and Larson personally participated in the activity which forms the basis of his claim.

Finally, throughout his objections, Plaintiff contends that the R&R represents an abuse of authority because Defendants have suppressed and concealed evidence and Plaintiff has not been allowed discovery. The Magistrate Judge granted Defendants' motion to stay discovery (Dkt. No. 70), and Plaintiff has failed to show what he hoped to uncover in discovery that would help him to demonstrate that there were material issues of fact for trial. *See Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003).

Upon *de novo* review, the Court agrees with the Magistrate Judge's thorough analysis and recommendation. Accordingly,

3

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. Nos. 117, 118) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 31, 2011, R&R of the Magistrate Judge (Dkt. No. 116) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by Defendants Capello, Bastian, Kulie, Rule, Larson, Tollefson, Smith, Raymond, and Wellman (Dkt. Nos. 68, 76, 101) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants except Defendant M. Comfort, M.D., are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (Dkt. No. 96) is **DENIED AS MOOT**.

Dated: September 29, 2011               /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE