UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR JACKSON,

        Plaintiff,                              Case No. 2:10-cv-96

v.                                            Honorable Robert Holmes Bell

GARY CAPELLO, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names Defendants Gary Capello, Todd Bastian, Anthony Kulie, Alan Rule, Jeff Larson, Todd Tollefson, Terri Smith, Stephen Raymond, M. Comfort and Kelly Wellman. On May 28, 2010, Plaintiff filed an amended complaint against all defendants (docket #5). On September 29, 2011, the court granted summary judgment to Defendants Capello, Bastian, Kulie, Rule, Larson, Tollefson, Smith, Raymond, and Wellman. Therefore, Plaintiff's only remaining claims are his claims against Defendant M. Comfort, M.D.

Plaintiff's complaint alleges that he suffers from gastrointestinal pain and inflammation, acid reflux, nausea, and stomach cramps. Plaintiff believes that this is due to an infection caused by helicobacter pylori (h. pylori) which, if left untreated, could cause stomach cancer. Plaintiff alleges that he was prescribed Omeprazole (Prilosec) 20 mg for stomach acid, Sucralfate 1 gm to promote the healing of ulcers, Calcium Carbonate 500 mg for acid, and

Hydrochlorothiazide 12.5 mg for high blood pressure. Plaintiff disagrees with this course of treatment and seeks to be placed on two antibiotics, Bismuth, and an ulcer medication.

Plaintiff attaches copies of various documents to his amended complaint, including responses to medical kites, grievance responses, lab results, and copies of prescription medication labels. Plaintiff attests that although his blood and stool were negative for H. Pylori in 2010, he believes that the results were falsified because he had an H. Pylori infection in 2000 and his symptoms were identical. (Plaintiff's Attachment 1, Affidavit, ¶¶ 17-18.) On February 11, 2010, Plaintiff complained of belching and gas to Nurse Anne Morin, and his Prilosec was refilled. (Plaintiff's Exhibit AA-1.) On March 4, 2010, Plaintiff filed a health care request asserting that although the Prilosec reduced his stomach acid, it did not cure the H. Pylori. (Plaintiff's Exhibit BB-1.) On March 30, 2010, Plaintiff refused a medical call out for treatment, but on April 1, 2010, Plaintiff complained that the Prilosec was not helping. (Plaintiff's Exhibit AA-5.) On April 14, 2010, the RMO (Regional Medical Officer) approved a new medication for Plaintiff's acid reflux as the Prilosec was reportedly not working. (Plaintiff's Exhibit AA-6.)

With regard to Plaintiff's high blood pressure, he alleges that Defendant Comfort prescribed him Hydrochlorothiazide on April 5, 2010, which left Plaintiff in "unnecessary and wanton infliction of pain." (Plaintiff's amended complaint, ¶ L.) However, Plaintiff does not support this assertion with any specific factual allegations. As noted by Defendant Comfort, Plaintiff concedes that Hydrochlorothiazide is a medication for high blood pressure. (Plaintiff's amended complaint, ¶ N.) Plaintiff also makes a conclusory assertion that Defendant Comfort failed to discuss the results of an x-ray with him. (Plaintiff's amended complaint, ¶ K.)

The attachments to Plaintiff's amended complaint show that during the pertinent time period, Plaintiff was prescribed Prilosec, Sucralfate, and Calcium Carbonate for his gastrointestinal symptoms, Hydrochlorothiazide for high blood pressure, and that he was tested for the H. Pylori bacteria. (Plaintiff's Exhibits AA-1, AA-3, AA-4, AA-6, AA-9, AA-10, CC-1, and CC-7.) Although Plaintiff's August 28, 2000, lab results show that Plaintiff had a positive result for H. Pylori in 2000, a March 23, 2010, kite response stated that Plaintiff's blood and stool specimen were negative for H. Pylori. (Plaintiff's Exhibits AA-4 and CC-1.) In addition, the April 27, 2010, step I response to grievance AMF-10-04-0164-12E4 states that Plaintiff's blood test and H. Pylori test were negative, as was his abdominal x-ray. (Plaintiff's Exhibit AA-9.)

Plaintiff claims that Defendant Comfort was deliberately indifferent to his need for medical care in violation of the Eighth Amendment to the United States Constitution. Presently before the Court is Defendant Comfort's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response and the matter is ready for decision. However, because the undersigned is considering evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b). Therefore, the court will construe Defendant Comfort's motion as one for summary judgment pursuant to Fed. R. Civ. P. 56.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The

nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendant Comfort has been deliberately indifferent to his gastrointestinal problems and to his high blood pressure. In her brief in support of her motion, Defendant Comfort asserts that the facts as alleged by Plaintiff are insufficient to support an Eighth Amendment violation. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

> constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

In response to Defendant Comfort's motion, Plaintiff expands on the allegations set forth in his amended complaint, stating that the treatment prescribed by Defendant Comfort was inadequate to rectify his gastrointestinal symptoms. In addition, Plaintiff asserts that Defendant Comfort's staff interfered with Plaintiff's blood and stool samples, and that Defendant Comfort was

aware of this problem. However, Plaintiff fails to allege any specific facts in support of this assertion. Finally, Plaintiff states that after leaving AMF he was treated for H. Pylori.

As noted by Defendant Comfort, Plaintiff's complaint states that he was screened for H. Pylori and the results of the screening were negative, that he is on medication for acid reflux and to heal ulcers, and that when he complained that the Prilosec was not working, the RMO approved a new medication. It is clear that Plaintiff received regular medical attention and the dispute is over the adequacy of the treatment given. The crux of Plaintiff's claim against Defendant Comfort appears to be that Defendant Comfort refused to disregard Plaintiff's test results and treat him for an H. Pylori infection. However, as noted above, such allegations do not rise to the level of an Eighth Amendment violation even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). The undersigned concludes that, at most, Plaintiff's complaint shows that Defendant Comfort was negligent in diagnosing and/or treating an H. Pylori infection in reliance on an incorrect lab test. Such allegations do not state a valid claim of medical mistreatment under the Eighth Amendment. Nor does medical malpractice become a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 105-06.

In summary, in the opinion of the undersigned, Plaintiff's allegations do not support an Eighth Amendment claim against Defendant Comfort. Accordingly, it is recommended that Defendant Comfort's Motion for Summary Judgment (docket #111) be granted and this case be dismissed in its entirety. In addition, should the court adopt the report and recommendation in this case, Defendant Comfort's motion to strike (docket #120) is properly denied as moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2012